UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02342-RMR-MEH

GARY FOOTE,

      Plaintiff/Counterclaim Defendant,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

      Defendant/Counterclaim Plaintiff.

## DEFENDANT/COUNTERCLAIM PLAINTIFF'S MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE

Defendant/Counterclaim Plaintiff State Farm Fire and Casualty Company ("State Farm") respectfully requests that the Court establish January 13, 2023 as the deadline to file dispositive motions in this matter and in support states:

D.C.COLO.LCivR 7.1(a) CERTIFICATION: State Farm's undersigned counsel certifies that he has conferred with Plaintiff/Counterclaim Defendant Gary Foote's ("Foote") counsel and is authorized to represent Foote opposes the requested relief.

## MOTION

1.    In extending deadlines to complete discovery, the Court did not establish any commensurate extensions of deadlines to file dispositive motions. State Farm's request to establish a post-discovery dispositive motion deadline on January 13, 2023 should be granted.

2.    In recent discovery in this case, Foote's public adjuster and insurance industry standards expert Jason Hahn testified at his deposition that he agreed that the insurance policy at

issue required: (1) State Farm to pay Foote the replacement cost value less any depreciation as to any elements of Foote's property that were damaged by hail (*i.e.*, the "actual cash value" of covered damage); and (2) Foote to perform any covered repairs within two years of the date of loss in order to recover withheld depreciation. Based on the recent deposition testimony of Foote's contractor Jeff Sprott, roofing repairs—for which coverage is disputed and State Farm has not paid any benefits—did not occur within two years of the August 6, 2018 hail storm at issue in this case.

3. The appraisal panel in this case determined that the actual cash value of damage to Foote's roof totaled $4,509.73 such that depreciation in the amount of $60,771.54 would be recoverable only if roof repairs were completed within two years of the date of loss, or no later than August 6, 2020. State Farm has paid all amounts the appraisal panel awarded that it did not dispute on coverage grounds (*i.e.*, benefits for elements of the property other than the roof). Therefore, while State Farm denies there is coverage for any roofing repairs, Hahn's and Sprott's testimony may establish that, as a matter of law, Foote's contract damages do not exceed $4,509.73. These are legal questions of contract interpretation for the Court's determination.

4. Additionally, forthcoming depositions may reveal additional grounds for either or both parties to seek summary judgment as to all or portions of each other's claims or counterclaims.

5. For these reasons, State Farm respectfully requests that the Court establish January 13, 2023 as the deadline to file any dispositive motions.

6. This Motion is not brought for an improper purpose, and granting it will not prejudice any of the parties or unduly delay these proceedings. Rather, establishing the requested

deadline is in the interest of justice, fairness, and preservation of the Court's, the jury's, and the parties resources in unnecessarily presenting at trial evidence and argument regarding those matters to which either of them is entitled to summary judgment as a matter of law. Additionally, any summary judgment orders are likely to promote settlement. And finally, establishing a post-discovery dispositive motion deadline is the ordinary practice in this Court to ensure that: (1) parties may seek summary judgment armed after having the opportunity to conduct thorough discovery; and (2) only legally tenable claims and evidence relevant to them are presented to the jury.

7. Other than the deadline to complete discovery, there are no upcoming deadlines or hearings in this case. Additionally, this matter is not yet set for a Final Pretrial Conference, and there is no deadline for filing a proposed Final Pretrial Order.

8. Consistent with D.C.COLO.LCivR 6.1(b), undersigned counsel certify that this is the first extension of the dispositive motion deadline that State Farm seeks.

9. Consistent with D.C.COLO.LCivR 6.1(c), undersigned counsel certify that a copy of this Motion is being contemporaneously served on their client.

For these reasons, State Farm respectfully requests that the Court grant this Motion and establish January 13, 2023 as the deadline for any party to file any dispositive motions.

Dated: October 3, 2022.    Respectfully submitted,

/s/ *Nathaniel Scott Barker*
Evan Bennett Stephenson
Nathaniel Scott Barker
Spencer Fane LLP
1700 Lincoln Street, Suite 2000,
Denver, CO 80203
Phone: 303.839.3700
Email: estephenson@spencerfane.com
        nbarker@spencerfane.com

4

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on October 3, 2022, I electronically filed the foregoing **DEFENDANT/COUNTERCLAIM PLAINTIFF'S MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Christopher P. Peirce**
  cpeirce@hossleyembry.com


*s/ Nathaniel Scott Barker*
Nathaniel Scott Barker