IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:20-cv-02342-RMR-MEH

GARY FOOTE,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

---

## ORDER

---

This matter is before the Court on Defendant's Motion for Partial Summary Judgment, ECF 91. The matter is fully briefed and ripe for review. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. For the reasons that follow, Defendant's Motion is DENIED.

### I.    BACKGROUND[1]

This is an insurance breach of contract and bad faith case arising out of an August 2018 hailstorm that damaged residential property owned by Plaintiff, Gary Foote, and insured under a homeowners' policy issued by Defendant, State Farm Fire and Casualty Company ("State Farm" or "Defendant"). Plaintiff claims that, as a result of the storm, it was necessary to replace the tile roof covering at his residence. State Farm agreed to

---

[1] The following facts are undisputed unless otherwise stated.

1

pay policy benefits for certain storm damage but determined that the roof tiles on Plaintiff's residence were not damaged by hail and therefore not covered under his Policy. Plaintiff subsequently demanded an appraisal under the Policy. In conjunction with naming its own appraiser, State Farm reserved all rights and emphasized that certain items, including the dwelling roof tiles, would not qualify for appraisal since the appraisers could not determine whether they were covered under the Policy. An appraisal award was ultimately entered in November 2019 and included costs for full roof replacement. After receiving the appraisal award, State Farm determined that the award included costs and items that were not covered under the Policy, including the cost to repair or replace the tile roof covering. On January 3, 2020, State Farm paid Plaintiff $18,634.29 based on the appraisal award's actual cash value and State Farm's coverage denials as to portions of the appraisal award.

Plaintiff filed suit against State Farm on August 6, 2020. ECF 1. Plaintiff asserts claims for breach of contract, bad faith, and unreasonable delay or denial of benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116. On January 5, 2021, State Farm filed its Amended Answer and Counterclaims seeking a declaratory judgment that the roof tiles are not covered by the Policy and partial *vacatur* of the appraisal award. ECF 26. State Farm now moves for partial summary judgment as to Plaintiff's breach of contract damages and summary judgment on all other claims.

## II.  LEGAL STANDARD

To succeed on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine dispute of material fact; and (2) the movant is entitled to judgment

as a matter of law. Fed. R. Civ. P. 56(a). When analyzing a motion for summary judgment, the court must look at the factual record and the reasonable inferences to be drawn from the record in the light most favorable to the non-moving party." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). However, the nonmoving party may not simply rest upon its pleadings at this stage; rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249.

### III. ANALYSIS

A federal court sitting in diversity applies the substantive law of the forum state. *Bass Tr. Of Andy Bass Fam. Tr. v. Tour 18 of Rose Creek, LP*, 795 F. App'x 613, 619 (10th Cir. 2020). Both parties agree that Colorado law applies here.

#### A. Breach of Contract Claim

To prove breach of contract, Plaintiff must show: "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to

3

perform the contract by the defendant, and (4) resulting damages to the plaintiff." *TBL Collectibles, Inc. v. Owners Ins. Co.*, 285 F. Supp. 3d 1170, 1197 (D. Colo. 2018). State Farm argues that it is entitled to partial summary judgment on Plaintiff's breach of contract claim because the appraisal award establishes the maximum amount of Plaintiff's damages. ECF 91 at 12. State Farm further argues that because the Policy limits Plaintiff's recovery to no more than the actual cash value of hail damaged property unless Plaintiff performs covered repairs within two years of the date of loss, and it is undisputed that Plaintiff has not repaired or replaced the roof tiles more than five years after the August 2018 hailstorm, any contract damages cannot exceed the actual cash value of the appraisal award, less payments State Farm already made and the applicable deductible. *Id*. at 14–15. Plaintiff responds that his damages cannot be capped on the basis of the appraisal award because State Farm expressly represented to him, both before and after the appraisal, that the roof tiles were not subject to appraisal and thus fall outside the scope of the award. ECF 92 at 11.

The Colorado Supreme Court "has held that appraisal awards can be binding on the parties as to the amount of loss." *Lindgren v. Safeco Ins. Co. of Am.*, No. 20-cv-02914-WJM-KMT, 2021 WL 5957418, at *4, (D. Colo. Dec. 16, 2021) (citing *Wagner v. Phoenix Ins. Co.*, 348 P.2d 150, 152 (Colo. 1960)); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 129 F. Supp. 3d 1150, 1154 (D. Colo. 2015) (finding that an appraisal results in a "binding factual determination" as to the amount of loss); *Tae Hyung Lim v. Am. Econ. Ins. Co.*, No. 13-cv-02063-CMA-KLM, 2014 WL 1464400, at *3 (D. Colo. Apr. 14, 2014) ("Neither party is permitted to dispute the amount of loss once it

4

has been determined."). At the same time, however, legal determinations, including issues of coverage, fall outside the scope of the appraisal process and are thus subject to judicial review. *Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 100 F. Supp. 3d 1099, 1104 (D. Colo. 2015). "Typically, an issue is 'beyond the scope' if it involves a legal construction of the insurance policy itself (rather than a factual determination), such as whether a particular building is 'covered' under the policy." *Concept Rests., Inc. v. Travelers Indem. Co.*, No. 16-cv-00450-DME-NYW, 2016 WL 8737773, at *3 (D. Colo. Dec. 2, 2016). An issue also falls outside the scope of the appraisal where the parties agree beforehand to limit or restrict that issue from the appraisal's scope. *Concept Restaurants*, 2016 WL 8737773, at *3 (citing *Laredo Landing Owners Ass'n v. Sequoia Ins. Co.*, No. 14-cv-01454-RM-KMT, 2015 WL 3619205, at *2 (D. Colo. June 10, 2015)).

Here, State Farm is in the unusual position of seeking to bind Plaintiff to the appraisal panel's findings regarding the cost of roof repairs/replacement, while (i) having previously represented that such items fell outside the scope of appraisal and must be excluded from the appraisal award, and (ii) simultaneously seeking to avoid the same findings itself by moving to partially vacate the appraisal award. Indeed, State Farm's representation in its summary judgment briefing that it seeks to partially vacate the appraisal award "**only** to the extent it contains a finding that hail damaged the Property's concrete roof tiles," ECF 91 at 12, is difficult to square with its pleadings in this matter. State Farm's counterclaim for partial *vacatur* of the appraisal award specifically alleges that the "appraisal award includes costs and items that are not covered under the Policy, including the cost to repair or replace the tile roof covering at the Property. The portion of

5

the appraisal award that is not covered is subject to *vacatur*, in an amount to be determined by the factfinder." ECF 26 at 20, ¶¶ 70–71. State Farm seemingly cannot have it both ways.

State Farm devotes the bulk of its briefing to arguing that an insured's failure to perform repairs within the timeframe required by the policy precludes recovery of replacement cost benefits—relying primarily on the decisions in *Canyon Springs at Soaring Eagles Townhome Owners Ass'n v. Country Mut. Ins. Co.*, 819 Fed. App'x 663 (10th Cir. 2020) and *Bonbeck Parker, LLC v. Travelers Indem. Co. of Am.*, 611 F. Supp. 3d 1115 (D. Colo. 2020). Because, according to State Farm, the facts and operative policy language in the instant case "are almost indistinguishable from those in *Canyon Springs* and *Bonbeck*," it argues the Court should reach the same result here and find that Plaintiff is not entitled to replacement cost coverage for the roof tiles. ECF 91 at 14. While the Court acknowledges that *Canyon Springs* and *Bonbeck* support such a proposition as a general matter,[2] State Farm's reliance on these decisions is nonetheless unavailing for the simple reason that neither case addresses—much less resolves—the predicate issue of an appraisal's scope.[3] State Farm's purported exclusion of the roof tiles from the appraisal process, and its subsequent withholding of payment for such costs following entry of the appraisal award, is at the crux of the parties' dispute in this case.

---

[2] In that regard, the Court further notes that Plaintiff's undisputed failure to repair or replace the roof tiles in the more than five years that have passed since the August 2018 storm would likely preclude recovery of replacement cost benefits at trial.

[3] Indeed, *Canyon Springs* concerned an insurer's liability for holdback depreciation under a policy's replacement cost provision and did not involve appraisal at all. *See* 819 Fed. App'x at 664.

6

Ultimately, under these unique circumstances, and viewing the facts in the light most favorable to Plaintiff, the Court finds that a genuine dispute exists regarding the scope of the appraisal and what items fell within its ambit. State Farm has not identified any policy language or binding authority that definitively resolves this issue or compels the Court to accept State Farm's position that the appraisal award necessarily limits Plaintiff's potential recovery for those items that State Farm expressly and repeatedly advised could not be addressed in appraisal and sought to exclude from any award. *See, e.g.*, ECF 91-9 at 2–3; ECF 26 at 15–20, ¶¶ 34–71. The Court will not make arguments for the parties, nor should the parties expect that the Court will consider arguments that the parties could have made but did not. *See Lovato v. Mahler*, No. 1:21-CV-01986-RMRM-DB, 2023 WL 2613821, at *3 (D. Colo. Mar. 23, 2023); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (noting that a court may not "construct arguments or theories for [a party] in the absence of any discussion of those issues").

Accordingly, based on the evidence presented, and in light of unaddressed questions raised regarding the appraisal's scope, the Court cannot at this juncture find that State Farm is entitled to judgment as a matter of law on the issue of Plaintiff's contract damages.

### B. Bad Faith Claims

State Farm also argues that it is entitled to summary judgment on Plaintiff's statutory and common law bad faith claims because State Farm had a reasonable basis for denying coverage for the condition of the Property's concrete roof tiles.

7

Pursuant to Colo. Rev. Stat. § 10-3-1115, an insurer may not "unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." An insurer's delay is unreasonable "if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." *Id*. Similarly, to succeed on a common law claim for bad-faith denial of an insurance claim, the plaintiff must demonstrate that (1) the insurer's conduct was unreasonable and (2) the insurer knew or recklessly disregarded the fact that its conduct was unreasonable. *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1272 (Colo.1985). By their nature, insurance bad faith claims present questions of fact unsuitable for resolution on summary judgment except in limited circumstances. Therefore, whether an insurer's conduct was reasonable under the circumstances is ordinarily a question of fact for the jury. *Thompson v. State Farm Mut. Auto. Ins. Co.*, 457 F. Supp. 3d 998, 1003 (D. Colo. 2020).

Contrary to State Farm's arguments, the record does not indisputably show that its conduct was reasonable under the circumstances. Viewing the facts in the light most favorable to Plaintiff, as the Court must, the Court finds that genuine issues of material fact remain regarding the reasonableness of State Farm's investigation and its actions during and after the appraisal process. It is not for the Court to decide at this stage the credibility of witnesses or the weight to give each piece of evidence; that job must fall to the jury, who is best positioned to make such determinations. *See Excel Constr. Grp. v. GuideOne Mut. Ins. Co.*, No. 1:20-CV-03848-RMR-SKC, 2023 WL 2574373, at *2 (D. Colo. Mar. 20, 2023*)*. Based on the current record, the Court cannot rule out the possibility that a reasonable jury could find that State Farm unreasonably handled Plaintiff's claim.

8

Accordingly, summary judgment is not appropriate on Plaintiff's statutory and common law bad faith claims.[4]

### C.  CONCLUSION

For the reasons set forth herein, Defendant's Motion for Partial Summary Judgment, ECF 91, is DENIED.

DATED: December 19, 2023

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

---

[4] State Farm is likewise not entitled to summary judgment with respect to Plaintiff's claim for attorneys' fees based on Plaintiff's representation that C.R.S. § 10-3-1116 provides the basis for such a claim. *See* ECF 92 at 7.

9